UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RUBIA MEJICANOS, CLAUDIO MAR-DURAN, CONCEPCION COLIN, and OSCAR HUANTE,** Individually and on behalf of all others similarly situated,

and

**JUSTINA ARROYO, JOSE FILEMON HUANTE, JOSE GUADALUPE HUANTE-ALVARADO, et al., Individually,**

    **Plaintiffs,**

vs.

**SANWA SPECIALTY HERBS, INC. d/b/a SANWA GREENHOUSES,**

    **Defendant.**
_____)

CIVIL ACTION
No. 8:03-CV-2530-T-30EAJ
<u>CLASS</u> <u>ACTION</u>

# **<u>FINAL ORDER</u>**

This case came before the Court on July 15, 2005, at a hearing to determine the lawfulness, reasonableness, adequacy and fairness of the proposed class settlement in this action.

On March 17, 2005, the Court entered an order granting the Joint Motion for Certification of Class, preliminarily approving the class action settlement and directing that notice be given to members of the certified class in this case. The notice advised the class

members of the terms of the proposed settlement, of their right to object to it and of the time and place of this hearing. (Docket Entry 41). The Court has heard and considered the presentations of counsel regarding the publication of this notice. The Court is unaware of any persons objecting to this proposed settlement. The Court has also been advised that the parties have agreed to the entry of this Order.

Based on the foregoing, the Court hereby FINDS that:

A. The terms and provisions of this Court's order of March 17, 2005 in this case have been carried out by the parties.

B. The terms of the settlement contemplated herein are found in the Stipulated Class Action Settlement and exhibits thereto previously filed with the Court, and the terms thereof are incorporated herein and made a part hereof.

C. Said settlement is lawful, fair, just, reasonable and adequate and was reached after good faith, arms-length negotiations by experienced and capable counsel for the class and in the absence of collusion. During the negotiation, the parties considered, among other things, the amount of the settlement; the likelihood of the Plaintiffs' success in obtaining the relief prayed for; the cost, complexity and duration of litigation if pursued; the disruption of business of Defendants and other matters bearing on the best interest of the parties, including the absence of objection by any class member or potential class member to the settlement contemplated by the Stipulation.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The settlement contemplated in the Stipulated Class Action Settlement is finally approved and the parties are directed to continue to perform in compliance with the terms, and subject to all conditions thereof;

2. The Court permanently and finally certifies, under Rule 23(e) of the Federal Rules of Civil Procedure, the following settlement class for this cause as follows:

> All migrant agricultural workers, as defined by the AWPA, 29 U.S.C. § 1802(8), who were employed by the Defendant Sanwa Specialty Herbs, Inc. d/b/a Sanwa Greenhouses at any time between December 4, 1999 through November 30, 2003, inclusive, at its packing facility in Ruskin, Hillsborough County, Florida.

3. Upon Defendant's satisfaction of its financial obligations, as provided in the settlement, this action shall be dismissed with prejudice and Defendant, Sanwa Specialty Herbs, Inc., its parents, subsidiaries, past and present officers, directors, agents, attorneys, subsidiaries, parent corporations, related entities and affiliates, if any, and its respective successors, heirs and assigns, whomever, shall be released from all damage and other claims relating to the employment of the Plaintiffs and all other members of the class who did not seek exclusion, their heirs, representatives, agents, attorneys, successors, or assigns, or anyone claiming on their behalf, which have been raised or asserted in this action, or which could have been raised or asserted in this action.

4. The Court retains jurisdiction for 120 days after the date of this order to oversee the consummation of this settlement.

5.	The Clerk is directed to terminate any pending motions as moot and CLOSE this file.

**DONE** and **ORDERED** in Tampa, Florida on August 4, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2003\03-cv-2530.Final Order.wpd